Duvol M. Thompson, Esq.
N.J. Bar No.: 041242010
duvol.thompson@hklaw.com
Howard Sokol, Esq. (*pro hac vice*)
howard.sokol@hklaw.com
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, NY  10019
Phone:     (212) 513-3200
Facsimile:  (212) 385-9010

David J. Santeusanio, Esq. (*pro hac vice*)
david.santeusanio@hklaw.com
HOLLAND & KNIGHT LLP
10 Saint James Avenue
Boston, MA  02116
Phone:     (617) 854-1490
Facsimile:  (617) 523-6850

*Attorneys for Thomson Reuters (Scientific) LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BENNETT SMITH,<br><br>            Plaintiff,<br>-against-<br><br>THOMSON REUTERS,<br><br>            Defendant. | Civil Action No. 16-cv-09148 (SDW) (LDW)<br><br>**ANSWER TO AMENDED COMPLAINT<br>AND COUNTERCLAIMS** |

Defendant Thomson Reuters (Scientific) LLC ("Thomson Reuters (Scientific)")[1], by and through its undersigned attorneys, hereby and respectfully submits its Answer to the Amended Complaint of Plaintiff Bennett Smith ("Smith" or "Plaintiff") and responds as follows:

---

[1] The caption of the Amended Complaint filed December 22, 2016 ("Amended Complaint") misnames the defendant as "Thomson Reuters," a non-existent corporate entity, but paragraphs 2 and 3 of the Amended Complaint properly identify the defendant (Smith's former employer) as "Thomson Reuters (Scientific) LLC." Accordingly, all responses to the allegations of the Amended Complaint, as indicated below, are provided by Thomson Reuters (Scientific).

## PARTIES, JURISDICTION, AND NATURE OF ACTION

1. Thomson Reuters (Scientific) denies the allegations as set forth in this paragraph, except admits that Smith was employed by Thomson Reuters (Scientific) LLC, and is without knowledge or information as to Smith's current residence.

2. Thomson Reuters (Scientific) admits that it is a limited liability company organized under the laws of the State of Delaware and is Smith's former employer, but denies the remaining allegations as set forth in this paragraph.

3. Thomson Reuters (Scientific) is without knowledge as to the allegations as set forth in this paragraph, but admits that Smith at times worked from home during his employment at Thomson Reuters (Scientific).

4. Denied.

## BACKGROUND FACTS

5. Thomson Reuters (Scientific) denies the allegations in this paragraph, but admits it hired Smith in September 2015 as Vice-President of Applications, E-commerce and Enterprise Workflow.

6. Admitted.

7. Denied.

8. Thomson Reuters (Scientific) denies the allegations as set forth in this paragraph, except admits that it employed Smith pursuant to an employment agreement dated September 11, 2015, and further responds that the employment agreement speaks for itself and, accordingly, respectfully refers the Court to the employment agreement. Further answering, Thomson Reuters (Scientific) states that with respect to the sign-on bonus, $46,000 would be paid within thirty days of his start date and the remaining $184,000 to be paid in the October 2018 payroll. The September 11, 2015 employment agreement further stated: "It is understood and agreed that if you voluntarily

leave [Thomson Reuters (Scientific)], or are terminated for cause, before the completion of 12 months of service, you will repay the amount in full to [Thomson Reuters (Scientific)] within 30 days of separation, subject to applicable law."

9. Thomson Reuters (Scientific) admits that $184,000 of the sign-on bonus was to be paid as part of its October 2018 payroll, and further responds that Smith was not entitled to any sign-on bonus if his employment was terminated for cause before the completion of twelve (12) months of service.

10. Denied.

11. Denied.

12. Thomson Reuters (Scientific) denies each and every allegation as set forth in this paragraph, except admits that it maintained a severance policy for its employees who are involuntary terminated (*e.g.,* such as a reduction in staff or layoff, or an organizational restructuring). Thomson Reuters (Scientific) further states that Smith was not entitled to severance under the policy because, among other reasons, the severance policy specifically provides that an employee is not entitled to any severance pay under the policy if the employee is terminated for cause.

13. Denied. Further answering, Thomson Reuters (Scientific) states that Smith was terminated for cause and therefore was not entitled to any severance pay under the policy.

14. Thomson Reuters (Scientific) denies each and every allegation as set forth in this paragraph, except admits that part of Smith's job responsibilities included gathering and presenting information to internal parties involved in the alleged sale.

15. Thomson Reuters (Scientific) denies each and every allegation as set forth in this paragraph, except admits that on March 8 and 9, 2016, certain meetings occurred at its headquarters in Philadelphia.

16. Denied.

17. Denied.

18. Denied.

19. Thomson Reuters (Scientific) denies each and every allegation as set forth in this paragraph, except admits that on or about March 14, 2016 a phone conference occurred in which Smith and Koohestani participated, among others.

20. Denied.

21. Thomson Reuters (Scientific) admits the allegations as set forth in this paragraph, except denies the allegations as set forth in the last sentence this paragraph.

22. Denied.

23. Thomson Reuters (Scientific) denies each and every allegation as set forth in this paragraph, except admits that Koohestani used the phrase, in sum and substance, "this is the movie we're in" in response to a comment made by Smith and that Koohestani told Smith that he (Smith) owned the presentations that he (Smith) made as part of internal due diligence.

24. Denied.

25. Denied.

26. Thomson Reuters (Scientific) denies each and every allegation as set forth in this paragraph, except admits that on March 18, 2016 an email exchange took place between Smith and Koohestani, and that the correspondence speaks for itself.

27. Thomson Reuters (Scientific) denies the allegations contained in this paragraph, and further states it is without knowledge or information sufficient to form a belief as to the existence or authenticity of Smith's alleged concerns or decision to or timing of his search for an attorney.

28. Denied.

29. Thomson Reuters (Scientific) denies each and every allegation as set forth in this paragraph, except admits that on March 22, 2016, Smith participated in a Camelot Executive Steering Committee presentation.

30. Thomson Reuters (Scientific) denies each and every allegation as set forth in this paragraph, except admits that on or about March 23, 2016, Smith participated in a phone call with Koohestani.

31. Denied.

32. Denied.

33. Thomson Reuters (Scientific) admits that on March 30, 2016, Smith and Koohestani had an email exchange, which speaks for itself, and therefore no response is required, and respectfully refers the Court to the email exchange. By way of further answer, to the extent Smith's characterization of the email exchange differs from the actual email exchange, Thomson Reuters (Scientific) denies the allegations in this paragraph.

34. Admitted.

35. Denied.

36. Thomson Reuters (Scientific) admits that on March 31, 2016, Koohestani sent Smith an email, which speaks for itself, therefore no response is required, and respectfully refers the Court to the email. By way of further answer, to the extent Smith's characterization of the email exchange differs from the actual email exchange, Thomson Reuters (Scientific) denies the allegations in this paragraph.

37. Admitted. Further answering, Thomson Reuters (Scientific) states that the April 1, 2016 letter, which speaks for itself and to which the Court is respectfully referred, stated that

Smith's employment was terminated effective immediately for cause and, accordingly, that Smith was obligated to repay to Thomson Reuters (Scientific) the $48,000 sign-on bonus.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### FIRST COUNT
### (Breach of Contract)

43. Thomson Reuters (Scientific) re-states its responses set forth in paragraphs 1 through 42 above, as if fully set forth herein at length, and denies each and every allegation as set forth in paragraphs 1 through 42 of the Amended Complaint not otherwise unequivocally admitted in this Answer.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### SECOND COUNT
### (Breach of Good Faith and Fair Dealing)

48. Thomson Reuters (Scientific) restates its responses set forth in paragraphs 1 through 47 above, as if fully set forth herein at length, and denies each and every allegation as set forth in paragraphs 1 through 47 of the Amended Complaint not otherwise unequivocally admitted in this Answer.

49. Admitted.

50. Denied.

51. Denied.

52. Denied.

### THIRD COUNT
### (Unjust Enrichment)

53. Thomson Reuters (Scientific) restates each and every response set forth in paragraphs 1 through 52 above, as if fully set forth herein at length, and denies each and every allegation as set forth in paragraphs 1 through 52 of the Amended Complaint not otherwise unequivocally admitted in this Answer.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

### FOURTH COUNT
### (Conscientious Employee Protection Act)

59. Thomson Reuters (Scientific) restates each and every response set forth in paragraphs 1 through 58 above, as if fully set forth herein at length, and denies each and every allegation as set forth in paragraphs 1 through 58 of the Amended Complaint not otherwise unequivocally admitted in this Answer.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

## FIFTH COUNT
### (Dodd-Frank Wall Street Reform Consumer Protection Act)

64. Thomson Reuters (Scientific) restates each and every response set forth in paragraphs 1 through 63 above, as if fully set forth herein at length, and denies each and every allegation as set forth in paragraphs 1 through 63 of the Amended Complaint not otherwise unequivocally admitted in this Answer.

65. Denied.

66. Denied.

With respect to Plaintiff's demand for judgment and sub-paragraphs "(i)" through "(iv)" as set forth immediately beneath the "WHEREFORE" clause in the Amended Complaint, Thomson Reuters (Scientific) denies all of the allegations and affirmatively states that Plaintiff is not entitled to any of the relief requested or, for that matter, any other relief. By way of further response, Thomson Reuters (Scientific) requests that the Amended Complaint be dismissed with prejudice and Thomson Reuters (Scientific) be awarded costs of defense, including reasonable attorney's fees and costs, and any such further relief as this Court deems just and appropriate.

### DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Thomson Reuters (Scientific) asserts the following affirmative and other defenses without assuming any burden of production or proof that Thomson Reuters (Scientific) would not otherwise have under any applicable law, rule, or regulation, and expressly reserves the right to amend or further plead any other defenses applicable to any and all counts after a reasonable opportunity for discovery has been had in this action.

### FIRST DEFENSE

The Amended Complaint, and each purported claim alleged therein, fails to state facts sufficient to constitute a claim upon which any relief can be granted.

## SECOND DEFENSE

Thomson Reuters (Scientific) has paid Smith all compensation owed to him.

## THIRD DEFENSE

Smith failed and continues to fail to mitigate his alleged damages.

## FOURTH DEFENSE

Smith is estopped by his own acts, omissions, representations, and/or courses of conduct from asserting the claims upon which he seeks relief.

## FIFTH DEFENSE

Smith has breached his employment agreement with Thomson Reuters (Scientific).

## SIXTH DEFENSE

Smith has had unclean hands with respect to the matters alleged in the Amended Complaint and is therefore barred, in whole or in part, from recovering any relief requested in the Amended Complaint, including and especially based upon or any purported claim alleged in the Amended Complaint.

## SEVENTH DEFENSE

Thomson Reuters (Scientific) cannot be liable for any alleged violation of any law because its actions, conduct, and dealings with Smith were at all times lawful and justified, and at all times were carried out in good faith and for legitimate business purposes.

## EIGHTH DEFENSE

The Amended Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the equitable doctrines estoppel waiver and avoidable consequences.

## NINTH DEFENSE

Smith's claims in the Amended Complaint are barred because any recovery would result in an unjust enrichment to Smith.

**TENTH DEFENSE**

Smith's claims for liquidated damages violate Thomson Reuters (Scientific)'s rights to due process of law, to equal protection of the law, the right to be free from the unlawful taking of property, the right to be free of excessive fines and other substantive procedural protections under the United States Constitution.

**ELEVENTH DEFENSE**

Thomson Reuters (Scientific) did not take any adverse employment action against Smith that would constitute any retaliation for any alleged protected activity by Smith.

**DEFENDANT'S COUNTERCLAIMS AGAINST PLAINTIFF**

Thomson Reuters (Scientific), by way of counterclaims against Bennett Smith, alleges and claims ("Counterclaims") as follows:

**FACTS**

1. On September 16, 2015, Smith signed an offer letter with Thomson Reuters (Scientific) ("Offer Letter").

2. The Offer Letter stated that Thomson Reuters (Scientific) would pay Smith a sign-on bonus of $230,000, of which $46,000 would be paid within thirty (30) days of his start date and the remaining $184,000 would be paid in its October 2018 payroll.

3. The Offer Letter further stated that "It is understood and agreed that if you voluntarily leave [Thomson Reuters (Scientific)], or are terminated for cause, before the completion of 12 months of service, you will repay the [$46,000] amount in full to [Thomson Reuters (Scientific)] within 30 days of separation, subject to applicable law."

4. On March 31, 2016, Thomson Reuters (Scientific) notified Smith that his employment had been terminated for cause because Smith had indicated that he had no intention of performing his job duties.

5. On April 1, 2016, Thomson Reuters (Scientific) sent Smith a termination letter explaining that his employment had been terminated for cause, effectively immediately, and that in accordance with the Offer Letter, Smith had an obligation to re-pay to Thomson Reuters (Scientific) the $46,000 sign-on bonus.

6. On April 18, 2016, Thomson Reuters (Scientific) sent another letter to Smith reminding him of his obligation to re-pay the $46,000 sign-on bonus and asking him to make payment by April 22, 2016.

7. To date, Smith has not re-paid to Thomson Reuters (Scientific) any of the $46,000 sign-on bonus.

## COUNT I
### (Breach of Contract)

8. Thomson Reuters (Scientific) repeats and re-alleges each and every allegation contained in paragraphs 1 through 7 of the Counterclaims as if separately and fully alleged and reiterated herein.

9. Thomson Reuters (Scientific) and Smith entered into an arm's-length employment agreement (*i.e.,* the executed Offer Letter) concerning a sign-on bonus.

10. The employment agreement is a valid and binding contract.

11. Smith breached the employment agreement.

12. Smith's breach of the employment agreement has caused Thomson Reuters (Scientific) damages.

## COUNT II
### (Breach of Covenant of Good Faith and Fair Dealing)

13. Thomson Reuters (Scientific) repeats and re-alleges each and every allegation contained in paragraphs 1 through 12 of the Counterclaims as if separately and fully alleged and reiterated herein.

14. A covenant of good faith and fair dealing is implied in every contract.

15. Smith's knowing and direct breach of his employment agreement, a contract, constitutes a violation of the covenant of good faith and fair dealing that is implicit in the employment agreement.

16. Smith's breach of the implied covenant of good faith and fair dealing has caused Thomson Reuters (Scientific) damages.

## COUNT III
### (Unjust Enrichment)

17. Thomson Reuters (Scientific) repeats and re-alleges each and every allegation contained in paragraphs 1 through 16 of the Counterclaims as if separately and fully alleged and reiterated herein.

18. By paying Smith a sign-on bonus of $46,000 with the express condition that Smith would repay the bonus if his employment was terminated for cause before the completion of twelve months of service, Thomson Reuters (Scientific) conferred a benefit upon Smith.

19. Smith obtained the benefit of the $46,000 sign-on bonus and did not re-pay the bonus to Thomson Reuters (Scientific) after his employment was terminated for cause.

20. By retaining the $46,000 sign-on bonus, Smith has been enriched unjustly and it is against equity to permit Smith to retain the sign-on bonus.

21. By Smith's actions, Thomson Reuters (Scientific) has been damaged.

**REQUEST FOR RELIEF**

WHEREFORE, Thomson Reuters (Scientific) requests that (i) the Court enter judgment in its favor on all Counts in an amount to be determined at trial, (ii) order Smith to pay damages to Thomson Reuters (Scientific), including interest, attorneys' fees, and costs, and (iii) issue such further relief as the Court deems just and proper.

Respectfully submitted,

HOLLAND & KNIGHT LLP

By: */s/ Duvol M. Thompson*

Duvol M. Thompson, Esq.
N.J. Bar No.: 041242010
duvol.thompson@hklaw.com
Howard Sokol, Esq. (*pro hac vice*)
howard.sokol@hklaw.com
31 West 52nd Street
New York, NY  10019
Phone:     (212) 513-3200
Facsimile:  (212) 385-9010

David J. Santeusanio, Esq. (*pro hac vice*)
david.santeusanio@hklaw.com
10 Saint James Avenue
Boston, MA  02116
Phone:     (617) 854-1490
Facsimile: (617) 523-6850

*Attorneys for Thomson Reuters (Scientific) LLC*

Dated:  January 23, 2017
             New York, New York